RECEIVED
IN ALEXANDRIA, LA

OCT -5 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONNIE LEE THOMAS | CIVIL ACTION NO. 09-cv-610; SEC.P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| ROBERT LEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a complaint filed by Plaintiff Donnie Lee Thomas, who is currently incarcerated at the Avoyelles Marksville Detention Center in Marksville, Louisiana. At the time of filing suit, he was incarcerated at the Avoyelles Bunkie Detention Center (ABDC) in Evergreen, Louisiana. Plaintiff complains of favoritism and discrimination against himself and other inmates who are not from Marksville or Avoyelles Parish. Plaintiff names as defendants ABDC Warden Robert Lee, Director Darren Bordelon, Captain Michael James, Lieutenant David Juno, and the Department of Corrections.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

In his original complaint [Doc. #1], Plaintiff alleged that he had been incarcerated at ABDC for eight months, during which time he was wrongfully denied work release. Plaintiff claims that Lt. Juno told him that he could not participate in the "work release" program until the last six months of his sentence. Plaintiff

complains that other inmates were being assigned to work release much earlier than the last six months of their sentences. [Doc. #4] Therefore, Plaintiff concludes that he was denied work release because he is not from Avoyelles Parish.

Plaintiff filed a grievance at ABDC, and he claims that the officers began to threaten to use Mace or violence against Plaintiff and the other inmates as retaliation for filing the grievance. Nonetheless, Plaintiff went on to file the instant lawsuit. A few days later, Plaintiff advised the Court that he had been transferred to Marksville in retaliation for attempting to file this lawsuit. Plaintiff did not believe that the ABDC officials had actually mailed his complaint. [Doc. #3]

Plaintiff seeks compensatory and punitive damages for mental anguish for the "outrageous conduct" of Robert Lee, Michael James, and David Juno. He also claims that Defendant Lee is liable for negligence under Louisiana Civil Code article 2315. Finally, he asked for a transfer to a work release facility in Monroe or Lake Charles.

**LAW AND ANALYSIS**

1. Request for Transfer

Plaintiff requested that he be transferred to a work release facility in Monroe or Lake Charles. First, Plaintiff has no constitutional right, stemming from the Constitution itself or from any protected liberty or property interest arising from state law,

to be housed in any particular facility *or* to be transferred from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). Second, Plaintiff has no constitutional right to participate in work release. The Fifth Circuit has held that the Louisiana work release statute does not create a liberty interest subject to the Due Process Clause. Id. Welch v. Thompson, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible inmates, there can be no deprivation of a liberty interest, and therefore Plaintiff cannot show that a constitutional right has been violated.

2. Retaliation - Transfer

Plaintiff complains that he was transferred to a jail in Marksville in retaliation for filing the instant lawsuit against the ABDC defendants. Filing grievances through proper channels and filing lawsuits complaining about the conduct of correctional officers are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities. Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006). However, although they may be motivated by retaliatory intent, some acts are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Id. at 685.

Such acts do not rise to the level of constitutional violations and cannot form the basis of a §1983 claim. Such is the case here.

First, Plaintiff does not allege that he was transferred to a significantly more dangerous or overcrowded prison with inhumane conditions. Additionally, the transfer did not deter Plaintiff from exercising his constitutional rights. That is, after the alleged retaliatory transfer, Plaintiff sent a letter to the clerk of court seeking additional legal forms so he could re-submit his lawsuit.[1] Moreover, as discussed above, an inmate has no constitutionally protected interest in being housed at a particular facility. See Tighe v. Wall, 100 F.3d at 42 (Inmate's allegation that Defendant retaliated against him by removing him from his job as inmate counsel and transferring him to another prison was inadequate to support a retaliation claim because inmate had no constitutionally protected interest in a particular facility or a specific work assignment.). None of these claims allege or demonstrate the violation of a constitutional right; Plaintiff's retaliation claim fails.

---

[1] Plaintiff signed and dated his complaint on April 8, 2009. The complaint was received by the clerk and filed into the record on April 13, 2009. On April 10, 2009, Plaintiff drafted a letter to the clerk, which was received by the clerk on April 14, 2009. In the letter, Plaintiff advised of his address change to Marksville and asked for new forms because he did not believe that the officials at ABDC had actually forwarded his complaint to the Court. The clerk notified Plaintiff that his suit had, in fact, been received and filed.

4

3. Retaliation - Threats

Plaintiff claims that *after filing his grievance*, and before filing suit, the Defendants started threatening Plaintiff and the other inmates with Mace® and violence. Plaintiff concludes that the threats were made because he filed a grievance. As noted above, the purpose of allowing inmate retaliation claims under §1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. <u>Morris v. Powell</u>, 449 F.3d 682, 686 (5th Cir. 2006)(citing <u>Crawford-El v. Britton</u>, 523 U.S. 574, 588 n. 10 (1998)). Here, despite the alleged threats against him for submitting a grievance, Plaintiff was not discouraged or deterred from further pursuing his rights and filing the instant lawsuit. Thus, the alleged threats or gestures of the guards were not sufficiently adverse to state a retaliation claim. <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998 (1983)(The threatening language and gestures of a custodial officer do not amount to a constitutional violation.). Plaintiff has failed to demonstrate a violation of a constitutional right, and his retaliation claim fails.

4. Mental Anguish & Negligence

Plaintiff prays for punitive damages for the "outrageous conduct" of the defendants. Just as nominal damages are allowed without proof of injury, a punitive award may stand in the absence of actual damages *if* there has been a constitutional violation.

5

Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003). Even then, punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. Id. In the instant matter, Plaintiff has failed to allege non-frivolous claims indicating the violation of a constitutional right. Moreover, he has not alleged that the defendants had some evil intent or acted recklessly. Plaintiff's punitive damages claim should be dismissed.

Plaintiff also asks for damages for negligence under Louisiana Civil Code Article 2315. First, negligent conduct cannot serve as the basis for a §1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986). A federal court with jurisdiction over Plaintiff's federal claim can exercise jurisdiction over a pendant state negligence claim. However, when all federal claims are dismissed prior to trial, the general rule is to dismiss state claims. Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992). Accordingly, Plaintiff's negligence claim should be dismissed without prejudice. Plaintiff can pursue the negligence claim in state court if he so chooses.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's CIVIL RIGHTS CLAIM be **DENIED and DISMISSED with prejudice** under 28

U.S.C. §1915(e)(2)(b), and that Plaintiff's **NEGLIGENCE CLAIM** be denied and dismissed **without prejudice**.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE